IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JESSIE WAYNE THOMAS**                                                                             **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 3:22-cv-00542-HTW-LGI**

**THE CITY OF VICKSBURG, MISSISSIPPI,**
*A Municipal Corporate*, **et al.**                                                   **DEFENDANTS**

## **ORDER**

Before the Court is *Municipal Defendant's Motion to Require Plaintiff to Execute HIPAA Compliant Medical Authorization* [12] and its Memorandum in Support [13], filed by Defendant The City of Vicksburg, Mississippi ("Defendant").[1] Plaintiff Jessie Wayne Thomas ("Plaintiff") filed a Response in Opposition [17], and Defendant filed a Reply in support of its initial motion [23]. The Court, having considered the submissions, the record and relevant law, finds that Defendant's Motion to Require Plaintiff to Execute HIPAA Authorization is GRANTED, as discussed below.

On September 12, 2022, Plaintiff filed suit against The City of Vicksburg, Mississippi in the Circuit Court of Warren County, Mississippi. On September 22, 2022, the case was removed to this Court. *See* Notice of Removal, Doc. [1]; *see also* Complaint for Damages, Doc. [1-1]. On February 7, 2023, Plaintiff filed an Amended Complaint [21], adding as defendants Tabitha Crawford and John Does 1-5, and alleging that Plaintiff "has suffered and endured and continues to suffer and endure anxiety and other compensatory damages including but not limited to loss of wages, physical harm, damage to reputation, emotional distress, mental anguish, endured anxiety,

---

[1] Individual Defendant Tabitha Crawford did not join in the Municipal Defendant's Motion for HIPAA Compliant Medical Authorization [12].

1

humiliation and embarrassment, . . . ." Doc. [21] at 4.

In its Motion [12], Defendant seeks an order requiring Plaintiff to execute a HIPAA compliant medical authorization. The Court construes this motion "requiring" execution of a HIPAA authorization as a motion to compel, which, pursuant to the Local Rules, requires "[b]efore service of a discovery motion, counsel must confer in good faith to determine to what extent the issue in question can be resolved without court intervention. A Good Faith Certificate [Official Form No. 4] must be filed with all discovery motions." L.U. Civ. R. 37(a). No affidavit or declaration accompanies the defendant's motion. However, any denial under this rule is without prejudice, and the moving party may refile. L.U. Civ. R. 37(c). Because the parties have made arguments on the merits, and in the interests of expediency, the Court will rule on the Motion [12]. Defendant is cautioned that this Rule will be strictly enforced with respect to future motions.

Defendant contends Plaintiff is seeking to "recover garden variety emotional distress damages as a result of the claimed wrongful actions of the City." Doc. [13] at 2. Defendant contends it is entitled to the requested medical authorization, because the Plaintiff put his mental health at issue in order to seek recovery of emotional distress damages. *Id*. Further, Defendant proposes that the HIPAA authorization allow for production of records for a five-year period from the date of the incident. *Id*.

Plaintiff objects to executing a medical authorization. He argues that he has not waived his psychological patient privilege by filing for emotional distress and mental anguish damages, especially of a "garden variety." Doc. [17] at 2. Plaintiff notes this issue was discussed during the Rule 16(a) Case Management Conference, and he states that he has not sought psychological treatment within five years of the subject incident. Doc. [17] at 2.[2] Thus, he asserts that no such

---

[2] The Case Management Order does not include any requirement for execution of a HIPAA-compliant medical authorization. *See* Doc. [9] at p. 3, 6.F.3.

records exist. *Id*. In response to Plaintiff's assertion, the Defendant points out that discovery has been propounded, and Defendant urges Plaintiff to sign a sworn interrogatory stating that no records of psychological treatment exist for the five-year period sought. Doc. [23] at 1. Otherwise, Defendant contends the medical authorization is necessary "to give defendants a fair opportunity to determine whether pre-existing conditions or unrelated stressors in plaintiffs' lives are the real cause of the emotional distress." *Id*.

This discovery dispute concerns the scope of discovery and the procedure by which the parties may obtain discoverable information. This Court has broad discretion over both. *See Hernandez v. Causey*, 2020 WL 5412486, at *3 (S.D. Miss. Sept. 9, 2020) (quoting *Freeman v. United States*, 566 F.3d 326, 341 (5th Cir. 2009) ([i]t is well established that the scope of discovery is within the sound discretion of the trial court.")); *See also Saucier v. Lakeview Corp.*, 2014 WL 12906612, at *1 (S.D. Miss. Dec. 30, 2014) ("[a] district court has "broad discretion" to control the procedure for obtaining discoverable material."). When presented with a motion to compel, Courts must consider that discovery rules "are to be accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). "At some point, however, discovery yields diminishing returns, needlessly increases expenses, and delays the resolution of the parties' dispute." *Willis v. City of Hattiesburg*, No. 2:14-cv-89-KS-MTP, 2016 WL 918038, at *2 (S.D. Miss. Mar. 10, 2016).

Indeed, "[d]iscovery is not a license for the [parties] to 'go fishing' and is limited to information that 'is relevant to any party's claim or defense.'" *Barnes v. Tumlinson*, 597 Fed. App'x 798, 799 (5th Cir. 2015) (citing *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978); Fed. R. Civ. P. 26(b)(1)). "Finding a just and appropriate balance in the discovery process" is thus one of the Court's key responsibilities. *Willis v. City of Hattiesburg*, No. 2:14-cv-

89-KS-MTP, 2016 U.S. Dist. LEXIS 30985, 2016 WL 918038, at *2 (S.D. Miss. Mar. 10, 2016).

Rule 26(b)(1) provides that information is within the scope of discovery if it is not privileged, relevant, and proportional to the needs of the case:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Meanwhile, Rule 26(c) empowers the Court to control the procedure for obtaining discoverable information. *Saucier*, 2014 WL 12906612, at *1.

"Central to this dispute is Mississippi's physician-patient privilege and the waiver of that privilege: '[a] party whose pleadings place in issue any aspect of that party's physical, mental, or emotional condition thereby—and to that extent only—waives the privilege." *Taylor v. Smith & Nephew, Inc.*, No. 3:18-CV-234-DPJ-JCG, 2019 WL 13207593, at *2 (S.D. Miss. Oct. 24, 2019) (citing Miss. R. Evid. 503(f)). Although Plaintiff contends that his "garden variety claims of emotional distress and mental anguish" do not place his mental condition in controversy, this Court has held that "[b]y asserting a claim for emotional distress and mental anguish, [Plaintiff has] placed in issue 'any mental or physical conditions [of Plaintiff] which could have led to the claimed damages.'" *Id*. (quoting *Mass. Mut. Life Ins. Co. v. Hathcock*, No. 3:11-cv-738-CWR-FKB, 2012 WL 12883641, at *2 (S.D. Miss. Aug. 14, 2012) (citation omitted).

Plaintiff cites to *Bullock v. Smith*, No. 3:05CV37-M-A, 2016 WL 11631304 (N.D. Miss. Mar. 28, 2016) to support his position. However, this Court points out that the quote taken from *Bullock* and included in Plaintiff's Response [17] is merely dicta that Magistrate Judge Alexander referenced while analyzing the four-way split among the circuits, as it pertains to waiver of the

4

psychotherapist-patient privilege. *See* Bullock, at *3. In *Bullock*, Judge Alexander ultimately found:

> Based upon the circumstances in this case, the court finds that the plaintiff has not waived the psychotherapist-patient privilege by mentioning a prescribed medication during his deposition. Nor does the fact that plaintiff alleges that he suffered mental or emotional distress at the time of the incident **and not after** waive the privilege where, if the event happened as alleged, any reasonable person would certainly have suffered mental and emotional distress **during its occurrence**.

*Bullock v. Smith*, at *3 (emphasis added). The undersigned finds that *Bullock*, while instructive, is distinguishable from the case at bar and is also not binding upon this Court. In *Bullock*, the Court pointed out that the plaintiff alleged he suffered mental or emotional distress at the time of the incident only, but not after. Here, in his Amended Complaint, Plaintiff alleges that he "has suffered and endured and **continues to suffer and endure** anxiety, . . . physical harm, . . ., emotional distress, mental anguish, [and] endured anxiety, mental anguish, distress, and worry" resulting from "the reckless behavior of the employees of the City of Vicksburg, Mississippi." Doc. [21] at 4. (Emphasis added). Further, Plaintiff prays for a judgment against the Defendant for compensatory damages and punitive damages related to alleged anxiety, emotional distress, mental anguish and worry. *Id*. Having placed his mental state at issue, Defendants are entitled to discovery relating to health treatment records. Based on the foregoing, the Court finds that the medical authorization is proportional to the needs of the case, and therefore, the Motion [12] to compel execution of a HIPAA authorization is well-taken and should be granted.

IT IS THEREFORE ORDERED that *Municipal Defendant's Motion to Require Plaintiff to Execute HIPAA Compliant Medical Authorization* [12] is hereby GRANTED. Defendant is entitled to obtain documentation of Plaintiff's medical history, including psychological treatment and psychological medical records, for a five-year period from the date of the subject incident.

IT IS FURTHER ORDERED that Defendant prepare a proposed HIPAA-Compliant

5

Medical Authorization to Plaintiff, in accordance with this Order, and provide it to Plaintiff within seven (7) days of this Order. Plaintiff is ordered to execute the HIPAA Authorization within ten (10) days of receipt.

**SO ORDERED**, this the 9th day of August, 2023.

                                               /s/ LaKeysha Greer Isaac
                                               UNITED STATES MAGISTRATE JUDGE